[Civ. No. 5071. Second Appellate District, Division One.—April 7, 1925.]

## COCHRAN C. PATTERSON, Petitioner, v. CITY OF LYNWOOD et al., Respondents.

[1] ELECTIONS—PETITION FOR WRIT OF MANDATE TO COMPEL TRUSTEES TO SET DATE FOR RECALL ELECTION—PREVIOUS ADJUDICATION—APPEAL—DENIAL OF PETITION.—A petition for a writ of mandate to compel the trustees of a city of the sixth class to provide for and set a date for an election, pursuant to certain petitions for the recall of certain trustees, will be denied where the petition shows that the very matter at issue, to wit, the duty of the trustees of said city to provide for and set a date for said recall election, has been adjudicated in an action in the superior court, and that the judgment in that case is subject to an appeal.

---

(1) 38 **C. J.**, p. 550, n. 13.

APPLICATION for a Writ of Mandate to compel trustees of a city to provide for and set a date for a recall election. Application denied.

The facts are stated in the opinion of the court.

Carl V. Hawkins and Jonah Jones, Jr., for Petitioner.

No appearance for respondents.

CONREY, P. J.—Petitioner made application to the supreme court for a writ of mandate commanding respondent trustees of the City of Lynwood to provide for and set a date for an election, pursuant to certain petitions for the

recall of Frank M. Downey, Chas. F. Reed, and Lars C. Anderson, as trustees of said city. The matter has been transferred to this court.

Since the City of Lynwood is a city of the sixth class and therefore can have only five trustees, the fact that the names of Downey and Reed are not found among the five names of persons sued as trustees of the city, may need some explanation; but the explanation is not contained in the petition.

It is not necessary to closely examine or analyze the facts alleged and relied upon to establish a cause of action. The petition shows that an action was brought by another citizen of Lynwood, in the superior court of Los Angeles County, to obtain a writ of mandate compelling the trustees of the City of Lynwood to call the election in accordance with these same recall petitions; that a peremptory writ has been ordered by the superior court, and that the trustees of the city have appealed from that decision.

Petitioner stated as his reason for making a separate and direct application to the supreme court, that he seeks to avoid the delay which he fears will be incident to the appeal in that case. He claims that the supreme court and the district courts of appeal have original jurisdiction in cases of this kind, even when an appeal has been taken as to the same matter, and cites *Scott* v. *Boyle*, 164 Cal. 321 [128 Pac. 941], as authority for the proposition. In *Scott* v. *Boyle* the supreme court allowed a writ of mandate to compel the payment of a salary of a municipal office, notwithstanding that the same questions of law were involved in a pending appeal in which the validity of the ordinance providing for said salary was to be considered. But it did not appear that the other case, which was an injunction suit, related to the same demand. It merely involved the validity of the same ordinance.

[1] But in the case at bar, we have the petitioner's admission that the very matter at issue, to wit, the duty of the trustees of the City of Lynwood to provide for and set a date for the said recall election, has been adjudicated in an action in the superior court, and that the judgment in that case is now subject to an appeal. In view of these facts, and assuming that we would have the necessary jurisdiction to act on the merits of the petition, we think that

one litigation of the same cause of action is enough. If the facts are such that the interest of the public is involved, and that the city is entitled to the earliest possible disposition of the appeal, some relief could be obtained by advancing that case on the calendar when it is ready for hearing.

For the reasons above stated the petition is denied.

Curtis, J., concurred.