[Civ. No. 5192.   Third Appellate District.—June 11, 1934.]

C. O. HUNT, Petitioner, v. FRANK C. JORDAN, Secretary of State, etc., Respondent.

Frank L. Guerena for Petitioner.

U. S. Webb, Attorney-General, and Robert W. Harrison, Chief Deputy Attorney-General, for Respondent.

THE COURT (Oral Opinion Delivered by MR. JUSTICE PLUMMER).—In looking over sections 1197, 1197a and 1197b of the Political Code, I find reference is made to the ballot title, to the title that shall be upon the principal page of the initiative or recall petition, as the case may be, and also as to what shall appear upon the sub-petitions.

Two principles are involved, strict construction and liberal construction—strict construction where the public interest is involved. So far as the ballot title is concerned and the one hundred words on the petition, the public interest is involved, because it involves the expenditure of public money in printing and distributing the ballots. In so far as the sub-title is concerned, there is no public interest involved. It is a question of informing the people to whom the petition is presented as to the character of the petition and what they are about to sign. Originally one hundred words were allowed to be printed upon these sub-petitions. The only conceivable reasons for the change—I do not know how it affects the minds of the other members of this court —was the fact that the one hundred words take so much time in reading that the average voter would not take the time to read the one hundred words, but if limited to twenty words the average voter would look at it, read the sub-title and come to some conclusion as to whether or not he should sign the petition.

That presents two propositions. As the original one hundred words involve publishing of the title and distributing the ballots, it should be read as mandatory and the rule of strict construction applied. As to the second case it is not absolutely necessary to read it as either directory or mandatory as it appears in the last paragraph of section 1197b of the Political Code for the simple reason that the

issue before us may be decided upon another question. **[2]** In looking over Webster's Dictionary—I consulted an old dictionary and I consulted a new dictionary—as to the meaning of the word "therapy", I find both the old and the late issue of Webster's Dictionary state the word "therapy" is used usually in combination with some other word, such as "hydro-therapy". The ordinary use is as a compound word. We may assume in this particular case that the one who drafted the title understood it to be a compound word and that the signers of the petition understood it to be a compound word.

Another principle is involved in construing the title and that is whether "physical therapy" should be construed as a compound word, as it would be if it were "hydro-therapy". The court is not bound by the punctuation which appears upon the petition. It does not make any difference to us how the typesetter set the type; that is wholly immaterial.

For that reason the words "Chiropractic Amendment" may be disregarded as not descriptive of any purpose. Holding upon the authority of the two dictionaries which have been consulted and applying the rule of construction which I have stated would be liberal if necessary in construing the twenty words, the conclusion of the court is that this sub-title complies with the statute and that the writ should be granted. Let it be so ordered.