[S. F. No. 15192. In Bank.—June 30, 1934.]

THE CALIFORNIA TEACHERS ASSOCIATION (a Corporation) et al., Petitioners, v. CHARLES J. COLLINS, as Registrar of Voters, etc., Respondent.

J. M. Mannon, Jr., Allan P. Matthew, John O. Moran and McCutchen, Olney, Mannon & Greene for  Petitioners.

John J. O'Toole, City Attorney, and Walter A. Dold, Deputy City Attorney, for Respondent.

WASTE, C. J.—Petitioners apply for a peremptory writ of mandate, directed to respondent, ordering him to receive and file a section of an initiative petition which respondent refuses to accept upon the ground that it does not comply with the law, in that the "short title", appearing on the top of each page after the first page of the petition, is not printed in eighteen-point gothic type, and exceeds twenty words in length. Respondent demurs to the petition.

The pages, after the first, of the petition tendered respondent for filing, contain, across the top, printed in twelve-point black-face type the following: "INITIA-TIVE CONSTITUTIONAL AMENDMENT, SUBMITTED DIRECTLY TO THE ELECTORS, MAKING STATE BOARD OF EDUCATION ELECTIVE; ABOLISHING SUPERINTENDENT OF PUBLIC INSTRUCTION, PRO-VIDING FOR DIRECTOR OF EDUCATION." The Constitution (art. IV, sec. 1) provides that initiative petitions proposing a law or amendment to the Constitution to be submitted to the electors shall have printed across the top (first page) thereof in twelve-point black-face type the following: "Initiative measure to be submitted directly to the electors." Such legend, in twelve-point type, appears on the initiative petition in this case, followed by the title and summary prepared by the attorney-general, as required by section 1197a of the Political Code. The statute (Pol. Code. sec. 1197b) provides that "across the top of each page after

the first page of every initiative . . . petition or section thereof which may be prepared and circulated in accordance with law there shall be printed in eighteen-point gothic type a short title, in not to exceed twenty words, showing the nature of the petition and the subject to which it relates.'' In this case, the provision of the Constitution appears, from our examination of the first page, to have been correctly complied with. The requirements of the code section as to the pages ''after the first page'', a matter on which the Constitution is silent, are not met, in the opinion of the respondent, as to the size of the type and the number of words used.

██ The requirements of both the Constitution and the statute are intended to and do give information to the electors who are asked to sign the initiative petitions. If that be accomplished in any given case, little more can be asked than that a substantial compliance with the law and the Constitution be had, and that such compliance does no violence to a reasonable construction of the technical requirement of the law. ██ In two instances in the matter of the use of *type* on initiative petitions, the Constitution requires and permits the use of twelve-point type. One instance is noted above; the other pertains to initiative measures to be presented to the legislature. In the printing business, the size of type, as we understand it, is measured by a given number of points, there being numbered seventy-two points to an inch, ''Twelve-point'' type (the designation used in the Constitution) implies that when set up there will be six lines of type to an inch. ''Eighteen-point'', as used in the statute (*supra*) implies that there will be four lines of type to the inch when set. In actual size there is a difference of but six-seventy-seconds of an inch. Only one with very poor eyesight would be unable to read a line printed in twelve-point type as readily as one printed in eighteen-point type. As to the first objection raised by the respondent, we are of the view there has been a sufficiently substantial compliance with the statute to require him to accept and file the petition.

The second objection, the use of more than twenty words in the ''short title'' appearing on each page after the first page of the petition, presents a more serious question, but one which we believe should be resolved in favor of peti-

tioners in the present instance. ■ At this point, let us say that, in applying to this proceeding "the rule of substantial compliance," we do so with the reservation that such interpretation as we have given must not be relied upon to determine every proceeding of similar nature. The procedure set up by the Constitution and the statute is simple, clearly expressed and may be exactly followed with little difficulty. "Substantial compliance" may be carried too far, in which case its application may not be relied upon to save carelessly or negligently prepared petitions.

■ In a recent proceeding in the District Court of Appeal of the Third Appellate District, the court applied the rule of liberal construction to the "short title" on an initiative petition then before it, and held that certain words included therein might "be disregarded as not descriptive for any purpose". (*Hunt* v. *Jordan, Secretary of State,* Civ. 5192—June 11, 1934, 139 Cal. App. 200.) In the proceeding before us, the attorney-general was able to summarize the title of the proposed measure in seventeen words. We are of the view that the omission in the "short title" of the words "Constitutional Amendment" and the phrase "Submitted Directly to the Electors" would detract nothing from its descriptive feature. Therefore, regarding the inclusion of these words and the phrase as surplusage, we are of the view that the mandate of the legislature has been substantially complied with, and that the purpose of the "short title", which is to prevent the deceiving of electors by the use of misleading pages and titles after the first page, which may strictly comply with the law, has been served. We are more strongly inclined to so hold in view of the fact that the present initiative petition was prepared and is being circulated in good faith, that many thousands of signatures thereto have already been secured, and the time is short within which the large number of required signatures can be again secured.

The demurrer is overruled. Let a peremptory writ of mandate issue as prayed.

Seawell, J., Tyler, J., *pro tem.,* Shenk, J., Curtis, J., Preston, J., and Langdon, J., concurred.