[Civ. No. 5740. Third Appellate District.—November 28, 1936.]

R. J. McMULLEN, Petitioner, v. GLENN–COLUSA IRRI-GATION DISTRICT et al., Respondents.

W. Coburn Cook for Petitioner.

Hankins & Hankins and A. L. Cowell for Respondents.

THOMPSON, J.—This is an original application to this court for a writ of *mandamus* to compel the respondent irrigation district to pay to the petitioner and other bondholders of the first issue of bonds of that district the amounts of principal and interest due to them upon their respective securities from the proceeds which may hereafter be derived by the district as compensation for the Spalding ranch, consisting of 10,775 acres of land belonging to it, as the result of a condemnation suit which is now pending in the United

States District Court of the Northern District of California between the government and the irrigation district. An alternative writ was issued in this proceeding, to which the respondents have filed a demurrer and a plea in abatement.

The demurrer asserts that the petition fails to state facts sufficient to warrant the issuing of a writ; that the allegations of the petition are uncertain with respect to various specified details, and that there is a nonjoinder of a necessary party defendant, to wit, the Federal Reconstruction Finance Corporation, which is a creditor of the district and holds its bonds in a large sum as security for the payment of a loan of $802,500.

The plea in abatement alleges that at the time of commencement of this proceeding there were pending in the Superior Court of Glenn County two other actions between substantially the same parties and involving the same issues which are presented in this proceeding.

This application for a writ of *mandamus* is brought by the petitioner for his own benefit and on behalf of "all the other owners of said outstanding bonds of said first issue", including W. S. Kimball, who is specifically alleged to be the owner of matured bonds of the district in the sum of $5,000. The petition alleges the consolidation of the Glenn-Colusa Irrigation District and the Williams Irrigation District, with outstanding bonds of the first issue of the Glenn-Colusa Irrigation District in the sum of $1,598,000, and that the consolidated districts voted refunding bonds in the aggregate sum of $300,000; that in November, 1935, the consolidated districts borrowed from the Federal Reconstruction Finance Corporation the sum of $802,500, which is secured by certain district bonds; that the outstanding obligations of the district which are now due to bondholders who are made parties to this proceeding, including the petitioner and W. S. Kimball, other than the bonds which are held by the Reconstruction Finance Corporation, aggregate the sum of $49,100; that the district is without sufficient funds to pay these matured obligations; that a suit in condemnation of the Spalding ranch, consisting of 10,775 acres of land belonging to the irrigation district was commenced and is now pending in the United States District Court of the Northern District of California between the United States and this irrigation district, in which suit "the consideration of $55,000

. . . is provided to be paid . . . to the said Glenn-Colusa Irrigation District for the title", to said land; and that *"petitioner is informed and believes* and therefore alleges the fact to be that it is the intention of the Board of Directors of Glenn-Colusa Irrigation District and of said Lucile Smith, Treasurer thereof, to use the said sum of $55,000 paid or about to be paid by the United States of America, or the major portion thereof, for the purpose of completing the said purchase of bonds"; that "the said sum of $55,000 . . . is a trust fund belonging to the bondholders, . . . and said sum belongs in the bond fund of said district"; that there is no speedy or adequate remedy at law by means of injunction or otherwise for the reason that the judge of the Superior Court of Glenn County, which would have jurisdiction of such suit, "is disqualified to act". The petition then prays for a writ of *mandamus* to require the payment of said prospective sum of $55,000 to the liquidation of the claim of petitioner and other bondholders, and that the irrigation district and its officers be restrained from diverting that fund for any other purpose.

We are of the opinion the demurrer should be sustained. The petition does not allege facts from which it appears there would be a present ability on the part of the board of directors of the irrigation district to comply with the writ. In truth, the facts which are affirmatively alleged indicate clearly that it is presently impossible for them to comply with such a writ. There is no money on hand with which to pay the matured bonds in question, and the $55,000 which may be received by the district as compensation for the condemned land is speculative. It may or may not be received. Moreover, if it should be received by the district some time in the future, we must presume the officers of that district will discharge their lawful duties and expend the money for the purposes required by law.

It is uniformly held that a writ of *mandamus* will not issue to compel the performance of acts on the part of officers which they are not presently required to execute, but, on the contrary, which they may merely have to do at some time in the future. (*McGinnis* v. *Mayor and Common Council of the City of San Jose,* 153 Cal. 711 [96 Pac. 367]; 16 Cal. Jur. 782, sec. 15; 5 Bancroft's Code Practice and Remedies, sec. 3741.) The text of an opinion which was rendered

by the United States Circuit Court in *North Carolina Public Service Co.* v. *Southern Power Co.*, 282 Fed. 837 [33 A. L. R. 626], is applicable to the present proceeding, as follows:

"The office of *mandamus* is to compel the performance of a plain and positive duty. It is never granted in anticipation of an omission of duty, but only after actual default. Injunction is the proper remedy for threatened violation of a duty, entailing an injury for which the law gives no adequate compensation."

■■■ While there is an allegation that the matured bonds in question were presented for payment to the treasurer of the district after they were due, there is no charge that payment thereof, when the money shall have become accessible, was refused. It is affirmatively alleged that "there are not sufficient funds in the bond fund . . . of said district to pay petitioner's bonds or interest". From those allegations we may not infer that the treasurer will refuse to pay the bonds when the necessary funds are available. Ordinarily, under the circumstances of this case it must appear that payment of the bonds was demanded and refused at a time when the officers were able to comply therewith. At least it must appear from the conduct or declarations of the officers that they do not intend to comply therewith when the money is available. (*Shirley* v. *Board of Trustees of Cottonwood School Dist.*, 3 Cal. Unrep. 605 [31 Pac. 365]; 16 Cal. Jur. 771, sec. 10; 19 Standard Ency. of Proc. 170, sec. 2F.) In the Shirley case, *supra,* quoting with approval from *People* v. *Romero,* 18 Cal. 89, 90, it is said in that regard:

"To authorize a *mandamus* it must appear not only that the performance of the act, to enforce which the writ is asked, is a duty resulting from the office, trust or station of the party to whom the writ is to be directed but that the performance has been requested and refused."

■■■ The nearest that the petitioner comes to alleging that the respondents do not intend to pay the matured bonds from the anticipated condemnation fund of $55,000, when it becomes accessible, is the following: "Petitioner is informed and believes and therefore alleges the fact to be that it is the intention of the Board of Directors of Glenn-Colusa Irrigation District and of said Lucile Smith, Treasurer thereof, to use the said sum of $55,000 paid or about to be paid by the United States of America, or the major portion thereof,

for the purpose of completing the said purchase of bonds of said reclamation district.'' This 'merely amounts to a statement based on information and belief. Aside from the foregoing quotation from the petition there is nothing definite or positive regarding the necessary allegations from which this court may reasonably infer that the respondents will not comply with the law and pay the matured bonds from the proper fund when the money is accessible. There may be some mere conclusions in the petition which do not aid the pleader. In 5 Bancroft's Code Practice and Remedies, page 5197, section 3927, it is said in that regard:

''The allegations should be definite and certain, and should not consist of mere conclusions of law or statements made upon information and belief. At the very least, if averments are made on information and belief, there must be a showing as to why the facts are not stated, upon actual knowledge.''

For the reasons heretofore stated, the demurrer should be sustained.

In the event the directors of the irrigation district should attempt to wrongfully divert the funds belonging to their district when money for the payment of bonds is accessible, there is a plain, speedy and adequate remedy by an appropriate suit in the Superior Court of Glenn County.

The petitioner has attempted to allege that such action is unavailable to him for the reason that ''The Judge of the County of Glenn, in which county the Glenn-Colusa Irrigation District has its office, is disqualified''. There is no attempt to allege facts upon which such asserted disqualification exists. This allegation is a mere statement of the conclusion of the pleader, and is insufficient upon which to base a showing of disqualification. The facts constituting the alleged disqualification must be set forth. Moreover, even though the judge of Glenn County is disqualified from presiding in such an action, the law provides ample means of procuring the presence of another judge who is not disqualified.

To this petition for a writ of *mandamus* the respondents have also filed a plea in abatement, from which it appears there are now pending in Glenn County two separate suits involving practically the same issues which are included herein. One of those suits is also a petition for a writ of *mandamus,* number 5696, and is entitled *W. S. Kimball* v.

*Glenn-Colusa Irrigation District et al.* That proceeding involves substantially the same issues which are included in this action. Since this petition is brought by R. J. McMullen, for his own benefit, and "on behalf of all the other owners of said outstanding bonds of said first issue, and of the coupons attached thereto, and for their benefit as well as his own", and it is further specifically alleged that W. S. Kimball is one of those other owners of matured bonds in the sum of $5,000, in whose behalf the proceeding is brought, it follows that this proceeding is abated and barred by the pending of the previously filed petition for a writ of *mandamus* above mentioned since the parties and the issues are the same. It is immaterial that this petitioner is not specifically made a party to the Glenn County proceedings. (*Millott* v. *Association of Mare Island Employees,* 44 Cal. App. 271 [186 Pac. 378]; 16 Cal. Jur. 849, sec. 51; 1 C. J. S. 57, sec. 26; 1 Am. Jur. 27, sec. 14.) In the Millott case, *supra,* it is said in that regard:

"It is of no consequence that herein one party is made petitioner who does not expressly appear in the court below, since the application is made for the same purpose and involves exactly the same remedy, the subject-matter in all these actions being essentially the same."

The demurrer to the petition is sustained without leave to amend, and the peremptory writ of *mandamus* is denied.

Plummer, J., and Pullen, P. J., concurred.