[S. F. No. 17975. In Bank. June 22, 1949.]

NEWEL PERRY, Petitioner, v. FRANK M. JORDAN, as Secretary of State, etc., Respondent.

Stanley A. Weigel, Ben C. Duniway and Grover W. Bedeau for Petitioner.

O'Melveny & Myers, Pierce Works and Louis W. Myers as Amici Curiae on behalf of Petitioner.

Fred N. Howser, Attorney General, Edward G. Benard, Assistant Attorney General, and Leonard M. Friedman, Deputy Attorney General, for Respondent.

Robert W. Kenny, E. Vayne Miller, George W. Artz, Sheridan Downey, Jr., Clifton Hildebrand and Edward Raiden for Real Parties in Interest.

CARTER, J.—This is a proceeding in mandamus in which petitioner seeks to compel respondent, Secretary of State, to take the various steps required of him by law to prepare for submission to the electorate at the next appropriate election a measure to repeal article XXV of the Constitution which was added at the general election in November of 1948. (Article XXV provides for pensions for the needy aged and blind, and as will hereafter more fully appear, is commonly referred to as Proposition 4, that being its position on the election ballot in 1948.) Compliance has been had with all the steps necessary for the repeal measure concerning petitions for an initiative constitutional amendment. Petitioner is the official proponent of the repealing measure. Heretofore, the present opponents of the repeal measure and the former proponents of article XXV commenced a proceeding in the Superior Court of Sacramento County to obtain a writ of mandate ordering respondent here to refrain from submitting the repeal measure to the

voters on the ground that it violates section 1c, article IV of the Constitution of California, and other grounds.

The opponents of the repeal measure, although not formally parties, appear here resisting the issuance of the writ as the parties ''beneficially interested'' and raise the same grounds as those upon which their proceedings is based in the superior court. The proponent of the repeal measure, though not a party in the latter proceeding, is actively participating therein. The same issues are thus presented in the proceeding here that are involved in the superior court action. The latter court issued an alternative writ of mandate in the proceeding before it, ordering respondent not to submit the repeal measure to the voters, or show cause why he has not so refrained, and that is the present status of the latter proceeding, the superior court not having as yet made its decision on the issuance of a peremptory writ.

 It is claimed that this court should not entertain this proceeding because of the pendency of the above mentioned proceeding in the superior court, although the two courts have concurrent jurisdiction in mandamus proceedings. The rule is stated in *W. R. Grace & Co.* v. *California Emp. Com.*, 24 Cal.2d 720, 727 [151 P.2d 215] : ''The writ [mandate] is therefore denied if a similar application between the same parties on the same matter is already pending before another court. (*Goytino* v. *McAleer, supra*; *McMullen* v. *Glenn-Colusa Irr. Dist.*, 17 Cal.App.2d 696, 701-702 [62 P.2d 1083].) The pendency of another action, however, is no defense unless it is 'between the same parties for the same cause.' '' (See, also, *Goytino* v. *McAleer*, 4 Cal.App. 655 [88 P. 991] ; *McMullen* v. *Glenn-Colusa Irr. Dist.*, 17 Cal.App.2d 696 [62 P.2d 1083] ; *Millott* v. *Mare Island Emp. Assn.*, 44 Cal.App. 271 [186 P. 378] ; *Patterson* v. *City of Lynwood*, 72 Cal.App. 212 [236 P. 933].) Assuming that the various technical requisites are present for a plea in abatement because of another action pending, it should be observed that such plea is dilatory in nature and not favored by the courts (*Lincoln* v. *Superior Court*, 22 Cal.2d 304 [139 P.2d 13] ; *Lord* v. *Garland*, 27 Cal.2d 840 [168 P.2d 5] ; 1 Cal.Jur. 24), and in the instant case there are circumstances which we believe require this court to make a determination in this proceeding, to deny the plea in abatement, and to call for the exercise by this court of its original jurisdiction. The measure presented is an initiative constitutional amendment. ''The right of initiative is precious to the people and is one which the courts are zealous

to preserve to the fullest tenable measure of spirit as well as letter." (*McFadden* v. *Jordan,* 32 Cal.2d 330, 332 [196 P.2d 787].) To preserve the full spirit of the initiative the submission of issues to the voters should not become bogged down by lengthy litigation in the courts, especially where there is a strong temptation to commence proceedings in the superior court by the opponents of a measure to delay its presentation to the electorate. The measure requires a statewide election. That the issues involved under article XXV, and consequently the proposed repeal thereof, are of vital consequence in the state is manifest. They directly affect every taxpayer of the state, which, in effect, means practically every resident of the state. They are of prime concern to the aged needy and blind. Whether the repeal measure will go on the ballot in November, 1950 (the next general election), or at a special election prior thereto rests with the governor (Cal. Const., art. IV, § 1). The exercise by the chief executive of his discretion is obstructed by pending litigation. Until the litigation is settled, he is not in a position to freely exercise his discretion and this court should clear the way for action or nonaction by him. For all these reasons and under all these circumstances, proper public policy demands that this court entertain these proceedings. Similarly, we do not believe such cases as *Patterson* v. *City of Lynwood,* 72 Cal.App. 212 [236 P. 933], *Keyston* v. *Banta-Carbona Irr. Dist.,* 19 Cal.App.2d 384 [65 P.2d 371], *McMullen* v. *Glenn-Colusa Irr. Dist.,* 17 Cal.App.2d 696 [62 P.2d 1083], *Millott* v. *Mare Island Emp. Assn.,* 44 Cal.App. 271 [186 P. 378], *Baines* v. *Zemansky,* 176 Cal. 369 [168 P. 565], and *Brown* v. *Jernigan,* 74 Cal.App. 524 [241 P. 108], should be controlling. Moreover, it should be observed that in all of those cases, except the Zemansky case, local or private, as distinguished from statewide, elections or affairs were involved. The end result in the Zemansky case was the issuance of the writ.

Turning to the merits of the case, it appears that the opponents of the repeal assert that the repealing measure is invalid for two reasons: (1) It embraces more than one subject inasmuch as it repeals article XXV of the Constitution, which, in turn, it is claimed, embraces more than one subject in violation of section 1c of article IV of the Constitution; and (2) The title is defective.

Section 1c reads: "Every constitutional amendment or statute proposed by the initiative shall relate to but one

subject. No such amendment or statute shall hereafter be submitted to the electors if it embraces more than one subject, nor shall any such amendment or statute embracing more than one subject, hereafter submitted to or approved by the electors, become effective for any purpose.'' Before·discussing the application of that provision in the instant case, it should be mentioned that probably a ''one subject'' requirement would not be passed upon by the court ordinarily in connection with a simple repeal measure for the reason that it might present a moot question. If the repeal measure was held bad for multitudinous subjects, the act it repealed would necessarily be faulty and would be nullified, for it would be subject to the same condemnation. If the repeal measure contained only one subject, then it would operate to nullify the repealed proposition. Thus, whichever way the court decided, the enactment sought to be repealed would be destroyed. Here we do not have the ordinary case, for the ''one subject'' requirement as to initiatives was placed in the Constitution at the same time article XXV, the measure sought to be repealed, was adopted. We are assuming here, therefore, that the ''one subject'' limitation is applicable to the repeal measure here involved.

The problem of whether more than one subject is embraced within one legislative act is not new in this state. Although section 1c has been newly added extending the requirement to initiative constitutional amendments, the Constitution for many years has required that ''Every act shall embrace but one subject, which subject shall be expressed in its title.'' (Cal. Const., art. IV, § 24.) The proper scope and application of that provision as to singleness of subject was elucidated, as the latest word on the subject, by this court in *Evans* v. *Superior Court,* 215 Cal. 58, 62 [8 P.2d 467], upholding the adoption of the Probate Code in a single enactment: ''. . . we are of the view that the provision is not to receive a narrow or technical construction in all cases, but is to be construed liberally to uphold proper legislation, all parts of which are reasonably germane. (*Heron* v. *Riley,* 209 Cal. 507, 510 [289 P. 160].) The provision was not enacted to provide means for the overthrow of legitimate legislation. (*McClure* v. *Riley,* 198 Cal. 23, 26 [243 P. 429].) . . .

''Numerous provisions, having one general object, if fairly indicated in the title, may be united in one act. Provisions governing projects so related and interdependent as to constitute a single scheme may be properly included within a single act.

(*Barber* v. *Galloway,* 195 Cal. 1, 3 [231 P. 34].) The legislature may insert in a single act all legislation germane to the general subject as expressed in its title and within the field of legislation suggested thereby. (*Treat* v. *Los Angeles Gas Corp.,* 82 Cal.App. 610 [256 P. 447].) Provisions which are logically germane to the title of the act, and are included within its scope, may be united. The general purpose of a statute being declared, the details provided for its accomplishment will be regarded as necessary incidents. (*Estate of Wellings,* 192 Cal. 506, 519 [221 P. 628]; *Buelke* v. *Levenstadt,* 190 Cal. 684, 687 [214 P. 42]; and cases cited.) The language of this court in *Robinson* v. *Kerrigan,* 151 Cal. 40, 51 [121 Am.St.Rep. 90, 12 Ann.Cas. 829, 90 P. 129], is especially applicable to this case at this point. A provision which conduces to the act, or which is auxiliary to and promotive of its main purpose, or has a necessary and natural connection with such purpose is germane within the rule. . . . Our conclusion, therefore, is that the newly enacted Probate Code does not embrace more than one subject. Its numerous provisions have one general object. The classification of these provisions, made by the code commission, and carried into the title of the act, is a 'reasonably intelligent reference to the subject to which the legislation of the act is to be addressed', which is all that is requisite.'' (See, also, cases collected in 23 Cal.Jur. 646-650; 50 Am.Jur., Statutes, §§ 196-199.) ██ When the scope and meaning of words or phrases in a statute have been repeatedly interpreted by the courts, there is some indication that the use of them in a subsequent statute in a similar setting carries with it a like construction. (*City of Long Beach* v. *Payne,* 3 Cal.2d 184 [44 P.2d 305].) There is nothing in the argument to the voters when section 1c of article IV was adopted contrary to such construction or the purposes underlying the ''one subject'' limitation.

██ It is manifest that the general subject of article XXV which it is proposed to repeal is aid to the needy aged and blind. That article sets forth the pension payments to be made, the requirements to be met by a prospective recipient, the officer selected by name to administer the act, and the like, all aimed at the machinery to carry out the main subject and wholly incidental to it. Opponents of the repeal measure refer to four different purposes and incidentally claim 18 in all, such as that the repeal of article XXV will result in giving the Legislature power to reduce the pension payments pro-

vided for in such article, giving the administration thereof to the counties instead of the state, imposing liability on relatives and raising the minimum age qualification. All those things obviously pertain to any plan—single subject—of aid to the needy aged and blind. They are merely administrative details.

Said opponents further object, really repeating the argument with respect to subject, that the title and summary of the repeal measure prepared by the attorney general is faulty. The Constitution imposes upon the attorney general the duty of preparing ". . . a title, and summary of the chief purpose and points of said proposed measure . . ." (Cal. Const., art. IV, § 1.) The proper application and scope of that provision has likewise been settled by this court. A title so prepared is presumed sufficient, and doubts are to be resolved in favor of its sufficiency; a substantial compliance is sufficient and it need not contain a summary or index of the provisions of the measure or auxiliary and subsidiary matters. (*California Teachers Assn.* v. *Collins,* 1 Cal.2d 202 [34 P.2d 134] ; *Epperson* v. *Jordan,* 12 Cal.2d 61 [82 P.2d 445] ; *Brown* v. *Jordan,* 12 Cal.2d 75 [82 P.2d 450] ; *Vandeleur* v. *Jordan,* 12 Cal.2d 71 [82 P.2d 455].)

The title prepared for the repeal measure reads: "AGED AND BLIND AID, INITIATIVE CONSTITUTIONAL AMENDMENT. Adds Article XXVII, repeals Article XXV, State Constitution. Reinstates plan of Old Age Security and Aid to Blind, and method of administration thereof, in existence prior to adoption of Article XXV, except that maximum aid payments are retained at present level of $75 per month for aged persons and $85 per month for blind persons, with participation by the State and the counties. Authorizes Legislature to increase or decrease amount of payments to aged and to blind, and otherwise to amend or repeal existing laws." It is clearly sufficient, especially in the light of the very recent enactment of the measure sought to be repealed. Among the things in the repeal measure which are claimed not to be embraced in the title are that it recalls a director of social welfare named by article XXV, abolishes the welfare board thereby created, state administration of pensions, changes method of raising money to meet payments and amount of payments, and similar things. Obviously the repeal measure in the main goes back to the law as it existed prior to the adoption of article XXV, the chief feature of which is that the authority in the field of needy aged and blind relief is returned to the

Legislature. The title quately covers these subjects. It states that the measure peals article XXV, which dealt with and which deals with ''Old Age Security and Aid to the Blind, and the administration thereof.'' It states specifically that the Legislature is vested with authority in the field. We believe it adequately advised the signers of the petition of the general nature of the measure.

For the foregoing reasons, it is ordered that a peremptory writ of mandate issue as prayed for.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied July 21, 1949.