[Civ. No. 17984. Second Dist., Div. Three. May 25, 1951.]

MARY E. BIFFLE, Appellant, v. THE SOCIAL WELFARE BOARD, etc. et al., Respondents.

Kenny & Morris for Appellant.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondents.

BARTLETT, J. pro tem.—This is an action for declaratory relief. The complaint alleged that the plaintiff was a citizen of the United States who became 63 years of age on December 1, 1949. Prior to that date she had received $23 per month, general relief; that subsequent to December 1, 1949, she was found by the Department of Social Welfare to be eligible for payments of old age security in the sum of $75 per month which she received for three months; that the defendant the Social Welfare Board is an official agency of the state charged with the duty of administering the laws

pertaining to old age security and to promulgate rules and regulations for the administration thereof; that the other defendants are the members of that board. The complaint then alleged that on December 29, 1949, defendants enacted a rule which became effective on March 1, 1950, which reads as follows: "The age of the applicant is a factor in determining his eligibility in all aids. An applicant for OAS is not eligible for aid until he has reached his 65th birthday. Aid may not be granted prior to the day and month as well as the year when the age of 65 is reached. (W & I C. 2140, 2160.)" The complaint further alleged that the rule was invalid in that, under the law, an applicant for old age security when he reaches his 63d birthday is eligible for aid and that it was solely on the ground of this invalid rule that appellant was removed from the rolls of persons eligible for old age security. After alleging that by reason of the facts a controversy affecting the rights of the parties existed, a judgment was prayed for declaring this rule and regulation to be void.

To this complaint a general demurrer was sustained without leave to amend and a judgment upholding the rule of the Social Welfare Board as being legal and valid was entered. From this judgment the appeal is taken.

The primary question is whether 63 years as the age of eligibility as provided by article XXV of the Constitution, was validly changed to 65 years by the repeal of article XXV through the adoption of article XXVII. Sixty-five years was the qualifying age prior to the adoption of article XXV. (Welf. & Inst. Code, § 2160.) Appellant sets forth the grounds she urges for a reversal of this judgment in these words: "I. The purported repeal of Article XXV was void in so far as this appellant is concerned in that the title voted upon was absolutely silent upon the fact that her rights were being totally wiped out. II. This question was not adjudicated in *Perry* v. *Jordan.* III. The appellant enjoys a vested right in her old age security payments."

On November 8, 1949, article XXVII of the Constitution was adopted by the voters pursuant to an initiative measure on the ballet at that election. In section 1 of this measure, article XXV of the Constitution was thereby repealed. Appellant states that the repeal was invalid and that therefore the rule of the Social Welfare Board set forth in the complaint ". . . deprived her of the old age security payments to which she was entitled under Article XXV before the purported repeal."

The title of the act repealing article XXV is as follows: "'AGED AND BLIND AID, INITIATIVE CONSTITUTIONAL AMENDMENT. Adds Article XXVII, repeals Article XXV, State Constitution. Reinstates plan of Old Age Security and Aid to Blind, and method of administration thereof, in existence prior to adoption of Article XXV, except that maximum aid payments are retained at present level of $75 per month for aged persons and $85 per month for blind persons, with participation by the State and the counties. Authorizes Legislature to increase or decrease amount of payments to aged and to blind, and otherwise to amend or repeal existing law.'" This is the precise title which was before the court and held not to be defective or faulty in the case which appellant claims is not controlling here (*Perry* v. *Jordan,* 34 Cal.2d 87 [207 P.2d 47]). Appellant admits that in that case the opponent of the measure claimed that the title was faulty. She follows that by saying: "However, the objection at that time was general and not pinpointed to the effect of the title's silence upon the rights of this particular class of plaintiffs." It may not have been "pinpointed" in the sense that in that case the defect or fault in the title was not there, as here, the only defect or fault suggested. It is apparent from the decision in *Perry* v. *Jordan, supra,* 34 Cal.2d 87, that this same alleged defect or fault was brought to the court's attention, considered by it and directly passed on in that decision. The court there says, referring to a proceeding in the superior court of Sacramento County, the petition in which case was Exhibit B to the petition for a writ of mandate in *Perry* v. *Jordan, supra,* 34 Cal.2d 87, 90: "The same issues are thus presented in the proceeding here that are involved in the superior court action." One of the allegations in the superior court petition was that the title did not suggest, state or inform the signers of the petition, among other things, that it "Disqualifies needy citizens sixty-three (63) to sixty-five (65) years of age, of ten to fifteen years residence in California from receiving Old Age Security." Also, according to the brief in that case, the measure under attack embraced at least four major purposes, one of which was "To raise the minimum age requirement from 63 to 65 years." The court said on pages 93 and 94: "It is manifest that the general subject of article XXV which it is proposed to repeal is aid to the needy aged and blind. That article sets forth the pension payments to be made, the requirements to be met by a prospective recipient, the officer

selected by name to administer the act, and the like, all aimed at the machinery to carry out the main subject and wholly incidental to it. Opponents of the repeal measure refer to four different purposes and incidentally claim 18 in all, such as that the repeal of article XXV will result in giving the Legislature power to reduce the pension payments provided for in such article, giving the administration thereof to the counties instead of the state, imposing liability on relatives and *raising the minimum age qualification.* All those things obviously pertain to any plan—single subject—of aid to the needy aged and blind. They are merely administrative details." (Italics ours.)

This case also sets forth rules to be applied in instances wherein the title prepared by the attorney general is contended to be faulty as follows (p. 94) : "A title so prepared is presumed sufficient, and doubts are to be resolved in favor of its sufficiency; a substantial compliance is sufficient and it need not contain a summary or index of the provisions of the measure or auxiliary and subsidiary matters. (*California Teachers Assn.* v. *Collins,* 1 Cal.2d 202 [34 P.2d 134] ; *Epperson* v. *Jordan,* 12 Cal.2d 61 [82 P.2d 445] ; *Brown* v. *Jordan,* 12 Cal.2d 75 [82 P.2d 450] ; *Vandeleur* v. *Jordan,* 12 Cal.2d 71 [82 P.2d 455].) "

In considering the question as to whether or not *Perry* v. *Jordan, supra,* 34 Cal.2d 87, is controlling here, another matter should be noted. The court in that decision ordered that a peremptory writ of mandate, as prayed for, be issued. The writ prayed for was one commanding the Secretary of State ". . . to submit the initiative measure, a copy of which is attached hereto as Exhibit 'A', to the electors of the State . . . ." The Exhibit "A" referred to carried as an integral part of it the very title which is under attack here and in compliance with the mandate of the Supreme Court it appeared on the ballot in that form.

Appellant concedes that when nothing is put in the title but the number of the section repealed the courts have upheld a statute and that the title under attack did reveal the article of the Constitution repealed but, she contends, ". . . the voter deception occurred when the draftsman went further and professed to be explicit about the effects of such a repeal," and did not specifically mention the eligibility which applies to the appellant herein. Appellant further says: "Before it can be held that the people of this State intended to reverse themselves upon their policy of paying pensions to persons 63 to

64 years of age, it should be demonstrated to this Court that the popular decision was obtained fairly.'' ■ We cannot follow appellant in her argument that there was any deception or that the popular decision on this act was obtained unfairly. The article of the Constitution sought to be repealed was of recent enactment. The Constitution and statutes of California set up elaborate and effective safeguards to prevent any deception of those voting on an initiative amending the Constitution. Not only does article IV, section 1 of the Constitution require that the title be prepared by a public officer, the attorney general, but it also provides that all such measures to be voted on be printed and, together with arguments for and against such measures, be mailed to each elector. These provisions of the Constitution are implemented by provisions concerning these ''Ballot Pamphlets'' by sections 1510 to 1514, both inclusive, of the Elections Code. Section 1513 of the Elections Code contains this additional safeguard: ''The provisions of the proposed measures differing from the existing provision shall be designated in print, so as to facilitate comparison.'' ■ It is the presumption that these officers of the state referred to in the Constitution and the designated sections of the Elections Code have regularly performed their duties, Code of Civil Procedure, section 1963, subdivision 15, and, in addition, we can take judicial notice that they, in fact, did so and that the ''Ballot Pamphlets'' containing all of this information was mailed to each voter in the state. (Code Civ. Proc., § 1875, subd. 2.) ■ It is worthy of note that in Part 1 of these Ballot Pamphlets containing the argument pro and con it is said: ''Proposition No. 2 will take away security from the needy in the 63-64 age bracket, and force them on the relief rolls of the counties.'' When the title is considered, stating as it does, that the plan adopted just one year prior to the election is repealed and the plan of old age security in effect prior thereto reinstated, and in addition to that the additional information which was so meticulously furnished to the voters by the state itself, to suggest that the voters did not know what they were doing in adopting this constitutional amendment is to underestimate their intelligence. Furthermore, all these arguments concerning a defective title were considered and decided adversely in *Perry* v. *Jordan, supra*, 34 Cal.2d 87, not only in the statements we have already quoted from that decision but in the following cogent language on pages 94 and 95: ''It [referring to the title] is clearly sufficient, especially in the light of the very recent enact-

ment of the measure sought to be repealed. Among the things in the repeal measure which are claimed not to be embraced in the title are that it recalls a director of social welfare named by article XXV, abolishes the welfare board thereby created, state administration of pensions, changes method of raising money to meet payments and amount of payments, and similar things. Obviously the repeal measure in the main goes back to the law as it existed prior to the adoption of article XXV, the chief feature of which is that the authority in the field of needy aged and blind relief is returned to the Legislature. The title adequately covers these subjects. It states that the measure repeals article XXV, which dealt with and which deals with 'Old Age Security and Aid to the Blind, and the administration thereof.' It states specifically that the Legislature is vested with authority in the field. We believe it adequately advised the signers of the petition of the general nature of the measure."

█ Appellant's final contention that appellant enjoys a vested right in her old age security payments is set forth in one sentence in her brief as follows: "It is now settled in California that old age security payments are not gratuities but are debts due the beneficiaries." That statement is true as far as it goes but the one case cited by appellant, *Board of Social Welfare* v. *County of Los Angeles*, 27 Cal.2d 81 [162 P.2d 630], illustrates the fact that this right is based on statute. In the case of appellant no such statutory right now exists.

█ We come to the conclusion that the rule adopted by the respondents subsequent to the adoption of article XXVII of the Constitution was in accordance with the provisions thereof and a proper exercise of their power.

The judgment is affirmed.

Shinn, P. J., concurred.

Vallèe, J., concurred in the judgment.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1951.