## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4418.   Sept. 8, 1960.]

THE PEOPLE, Respondent, v. JOHN KEITH, Appellant.

R. Norman Wenzell for Appellant.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

SMITH, J.—The defendant was convicted of violating Vehicle Code, section 23102, driving under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug. He appeals from the judgment and from the order denying a new trial.

Appellant argues (1) that the evidence was insufficient, (2) that an instruction was erroneous, and (3) that the use of the word "drug" in the statute is unconstitutionally vague.

The first and third arguments grow out of the fact that the "drug" involved was an accidental overdose of insulin (combined with taking two drinks containing vodka).

The real constitutional problem is not whether insulin is a drug but whether drugs such as this when taken normally may be the basis for a prosecution under the statute. Appellant earnestly argues that many persons take insulin for its beneficial effect, that it actually improves their ability to react properly while driving, and yet such a person who also takes any amount of intoxicating liquor however small would be subject to prosecution. The same argument could be made with respect to many other drugs. Because of the widespread use of beneficial drugs by many persons, this is a problem which will constantly arise under the new amendment and we deem it important to clarify and answer the problem. If appellant's fears were valid it would create serious doubt whether the legislation is a valid exercise of the police power. While penal legislation which interferes with normal beneficial activities may be upheld if it is necessary to control related anti-social activities, we doubt if that principle alone could save the legislation here. It would have been simple for the Legislature to have added to section 23102, Vehicle Code, language similar to that which the legislature did add to section 23106, Vehicle Code, to wit, "to a degree which renders him incapable of safely driving a vehicle."

However it was not necessary to add such language to sec-

tion 23102 Vehicle Code when it was amended to include drugs because the equivalent was already there by judicial construction. A similar argument could be made and was made with respect to the use of small quantities of alcohol. This argument was rejected and the words "under the influence" were given a restricted meaning and were defined in *People* v. *Dingle* (1922), 56 Cal.App. 445 [205 P. 705]. Such definition has been cited with approval repeatedly in later decisions including *People* v. *Haeussler* (1953), 41 Cal.2d 252 at 261-263 [260 P.2d 8]. ▆▆ It is well established that when the legislature adopts words that have been judicially defined the words are to be similarly construed in the new legislation. *City of Long Beach* v. *Payne* (1935), 3 Cal.2d 184 [44 P.2d 305]; *Perry* v. *Jordan* (1949), 34 Cal.2d 87 [207 P.2d 47]. ▆▆ So construed, section 23102, Vehicle Code, is clear, it is reasonable, and it places no hardship on the user of insulin or any other drug. No penalty is placed upon the use of the drug itself. The penalty is placed upon driving, and then, only when "under the influence" as judicially defined and as adopted by the legislature. The record shows that the trial judge modified the instruction defining "under the influence" to make the definition applicable not only to intoxicating liquor but also to the combination of intoxicating liquor and drugs. Such instruction as so modified fully preserved the rights of the defendant and permitted a conviction only if the liquor alone or the liquor and drugs impaired to an appreciable degree his ability to operate his car.

No matter how innocently a person may get "under the influence" of intoxicating liquor or drugs or both, the safety of himself as well as others requires that he not drive. When he found himself in the condition as found by the jury under the last mentioned instruction, he knew or should have known that he should not drive. He did drive. Of that he was properly convicted.

▆▆ Defendant requested the following instruction: "You are hereby instructed that you shall determine whether or not insulin is a drug within the meaning of Section 23102a of the Vehicle Code, and in the event you determine that it is not a drug within the meaning thereof, you will find the defendant not guilty, unless you find that at the time of the defendant's arrest he was operating his automobile under the influence of intoxicating liquor." It was given but the court added: "or under the combined influence of intoxicating liquor and any drug."

Although the instruction as modified by the trial court was confusing and erroneous, the instruction was still too favorable to the defendant and hence was not prejudicial.

Even though the statute as amended makes it unlawful to drive a car while ''under the combined influence of intoxicating liquor and any drug'' (Veh. Code, § 23102), it would be improper to convict of that if actually the purported drug was not a drug. The instruction as amended told the jury they could do that. Thus if it was proper to submit to the jury the question of whether insulin was or was not a drug, the instruction was confusing and erroneous and the case should be reversed. What saves the instruction and the verdict is that as a matter of law insulin when taken for diabetes is a drug.

Not only is it a drug as a matter of law but it is clear and certain that it is such, despite the apparent doubt in the mind of the trial judge, so that the statute is not subject to the attack made on constitutional grounds. In section 383, Penal Code, the word ''drug'' is defined for the purposes of that section. ''Drug'' is also defined in section 4031, Business and Professions Code, for the purposes of the chapter in which it is contained. A similar definition of general application is contained in section 26200, Health and Safety Code. A comparison of sections 23105 and 23106, Vehicle Code, indicates that when the legislature used the words ''any drug'' such words were not limited to narcotics. The courts have had no difficulty in applying the word ''drug.'' See *Downing* v. *California State Board of Pharmacy* (1948), 85 Cal.App.2d 30 [192 P.2d 39] ; *People* v. *Garcia* (1934), 1 Cal.App.2d Supp. 761 [32 P.2d 445]. The latter case holds that it is within the scope of judicial notice to determine that a particular substance is a drug. The trial judge should have done so and should have removed that issue entirely from the jury. Letting the jury speculate might have helped but could not hurt the defendant.

Thus the section is constitutional, the evidence is sufficient to establish that defendant committed a public offense in attempting to drive while in a condition making such conduct unsafe, and the one erroneous instruction could not have prejudiced the defendant.

The judgment and order denying a new trial are affirmed.

Swain, P. J., Bishop, J.,* concurred.

---

*Designated by Chairman of Judicial Council.