[Civ. No. 3751. Fifth Dist. Sept. 5, 1978.]

WILLIAM ALBERT BRANDT, Plaintiff and Respondent, v.
BOARD OF SUPERVISORS OF MADERA COUNTY,
Defendant and Appellant.

**COUNSEL**

Roy E. Wolfe, County Counsel, and Mark A. Wasser, Deputy County Counsel, for Defendant and Appellant.

Lester J. Gendron for Plaintiff and Respondent.

## OPINION

**GINSBURG, J.*—** ■ The question presented in this case is whether a county board of supervisors can be held responsible for conditions in the county jail which violate the minimal standards set by the California Administrative Code, absent a showing that they have failed to appropriate sufficient funds or otherwise refused to pay the cost thereof. Our answer is in the negative.

A petition was filed in the superior court by the respondent herein, Brandt, on May 9, 1977, naming Edward Bates, Sheriff of the County of Madera, and the Board of Supervisors of Madera County as respondents therein. The petition was concerned with conditions in the Madera County jail, and particularly with the training and availability to prisoners of the correctional officers. Subsequently, on October 21, 1977, the court issued its judgment requiring both the sheriff and the board of supervisors to comply with certain sections of the Administrative Code concerning the number and training and availability to prisoners of the correctional officers.[1]

Only the board of supervisors has taken this appeal from the judgment. Appellant cites numerous grounds for reversal, but since we have concluded that the evidence does not support the judgment, it will be unnecessary to consider other contentions of error.

■ A writ of mandamus is an available remedy to compel the performance of an act that the law specifically enjoins as a duty resulting from an office (43 Cal.Jur.3d, Mandamus and Prohibition, § 2, p. 400). However, the basis for the action must be a clear present duty to perform

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1]The judgment stated, in part:

"It is ORDERED, ADJUDGED and DECREED that:

"1. A peremptory writ of mandate shall issue commanding respondents to comply with the provisions of Title 15, Sections 1020-1022-1023, California Administrative Code, as follows:

"(a) Respondents are ordered and directed to staff the Madera County Jail with sufficient personnel to permit intermittent visual inspection of all inmates.

"(b) Respondents are ordered and directed to provide one employee on duty at all times who shall be available and accessible to inmates in the event of an emergency.

"(c) Respondents are ordered and directed to employ a sufficient number of qualified and competent custodial and supervisorial employees to operate and supervise the Madera County Jail having not less than 40 hours of jail operations training within no more than one year after their assignment to such duties."

the act sought to be compelled; the writ will not be granted merely in anticipation that the party will refuse to perform the duty when the time comes (*McMullen* v. *Glenn-Colusa Irr. Dist.* (1936) 17 Cal.App.2d 696, 699 [62 P.2d 1083]; *McGinnis* v. *Mayor and Common Council* (1908) 153 Cal. 711, 715 [96 P. 367]). Furthermore, the writ will not be issued to compel the performance of a duty in a particular way; it will issue only to require the performance of ministerial duties, and the exercise of authority by an officer or board will not be interfered with except for arbitrary disregard of the law or flagrant abuse of discretion (*Leftridge* v. *City of Sacramento* (1943) 59 Cal.App.2d 516, 525 [139 P.2d 112]).

Thus, the issue to be determined is whether there was a violation by the appellant of a present duty imposed on it by law at the time of the proceeding. In considering the contention that the evidence does not support the judgment, we therefore first inquire as to the nature of the duties imposed on appellant board of supervisors regarding the jail.[2]

The responsibility for operating jails in this state is placed by law upon the sheriff (Pen. Code, § 4000). He is enjoined by statute to take charge of and keep the county jail and the prisoners in it (Gov. Code, §§ 26605, 26610). He is given the authority to summon the aid of as many male inhabitants as he thinks necessary for the execution of his duties (Gov. Code, § 26602) and other mandates of the Legislature regarding care of prisoners are likewise addressed to him (see, e.g., Pen. Code, §§ 4005, 4006, 4008, 4010, 4011.5, 4011.7, 4013). In title 15, section 1023, of the California Administrative Code, found to have been violated herein, the facility administrator or manager—here the sheriff—is the officer required to make reports of personnel assigned to the jail.

Except in rare instances, the board of supervisors has no direct authority over the jail, and even where direct authority is given, its exercise is made discretionary by statute.[3] The only clear and present duty enjoined by law upon a board of supervisors with regard to a county

[2]We note that the findings of fact and conclusions of law do not refer to any specific violation of duty by the supervisors. They state only that "*respondents*" (referring to both the sheriff and the appellant board of supervisors) have failed to comply with the various requirements of the California Administrative Code in the particulars set forth.

[3]These instances include the construction and maintenance of a jail facility in another county (see Gov. Code, § 25380 et seq.) and the establishment of a county department of corrections to take over the operation of the jail in place of the sheriff (see Gov. Code, § 23013).

jail is to provide the sheriff with food, clothing, and bedding for prisoners (Pen. Code, § 4015) and to pay as a county charge other expenses incurred in the keeping of prisoners (Gov. Code, § 29602). We therefore confine our inquiry into the question of whether the appellant board failed to provide the sheriff with necessary funds or to pay as a proper county charge expenses the sheriff incurred for the employment and proper training of the correctional personnel required under the Administrative Code.

■ Examining the evidence taken at the trial, we find no substantial evidence that the appellant had failed, neglected, or refused to supply the sheriff with sufficient funds or pay the charges incurred to comply with the minimal standards set by the California Administrative Code. Any doubt that he did have sufficient funds was dispelled by the testimony of the sheriff that at the time of the trial he had on hand a substantial reserve that he could draw from for extra man hours, such as guarding prisoners. The sheriff's previous budget requests had been granted by appellant, and his requests for additional funds for extra help had also been fulfilled. The only request not yet complied with was a budget request for the ensuing year, pending at the time of trial, which request the appellant board was to take under consideration at its budget hearings in the normal course of the county's budgetary process; but there was no evidence that this request would be denied, and even if there had been such evidence, it would not be a present violation of duty which would support the issuance of a writ of mandamus (see *McMullen v. Glenn-Colusa Irr. Dist., supra,* 17 Cal.App.2d 696).

We note that the board not only had no duty but also had no right to control the operation of the jail; a board of supervisors has no legal authority to use its budgetary power to control employment in or operation of the sheriff's office (see *Hicks* v. *Board of Supervisors* (1977) 69 Cal.App.3d 228, 241 [138 Cal.Rptr. 101]). Only the sheriff has control of and responsibility for distribution and training of personnel and the specific use of the funds allotted to him.

In reviewing the evidence on appeal, we look only to see whether there is substantial evidence, contradicted or uncontradicted, to support the judgment of the trial court (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, p. 4236 et seq., and cases cited therein). Here we find, after giving all inferences to the testimony which would support the judgment, that there was no breach of their legal duty by the appellant

board of supervisors, and hence no substantial evidence to support the judgment.

The judgment is reversed and the writ discharged as to appellant.

Franson, Acting P. J., and Andreen, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.