[Civ. No. 24916. Third Dist. Sept. 23, 1985.]

WAYNE TAYLOR et al., Plaintiffs and Appellants, v.
EVERETT BUFF et al., Defendants and Respondents.

COUNSEL

Charles M. Bonneau for Plaintiffs and Appellants.

Thornton & Franklin and Jack W. Thornton for Defendants and Respondents.

OPINION

CARR, J.—Plaintiffs appeal from the summary judgment granted in favor of defendants Jarrell and Vossler, Sheriff and Chairman of the Board of Supervisors, respectively, of Lassen County. They contend the trial court erred in finding those defendants immune from liability for injuries inflicted on plaintiffs by other prisoners while plaintiffs were inmates in the Lassen County jail. We shall affirm.

The complaint alleges defendants Buff, Robinson, Minninck and Lopez forcibly sodomized plaintiffs while the parties were inmates in the county jail[1] and that the inmate defendants gained access to plaintiffs because of

---

[1]The record contains no answer or motions filed on behalf of the inmate defendants. Plaintiffs concede the County of Lassen, originally named as a defendant, is immune from liability pursuant to Government Code section 844.6, which provides in pertinent part that "a public entity is not liable for: [¶] (1) [a]n injury proximately caused by any prisoner. [¶] (2) [a]n injury to any prisoner" and . . . (c) *[e]xcept for an injury to a prisoner,* nothing in this section prevents recovery from the public entity for an injury resulting from the dangerous condition of public property . . . ." (Italics added.) This immunity, however, does not extend to individual public employees acting in their official capacity.

the lack of properly functioning electronic locks on the cell doors, which resulted in inmates roaming freely throughout the cellblock. The complaint further alleges faulty design, construction, and operation of the jail.

Defendants filed motions for summary judgment, asserting immunity under sections 820.2 and 845.2 of the Government Code.[2] Defendant Jarrell filed a declaration stating: (1) he has been the Sheriff of Lassen County since January 3, 1983; (2) the electronic locking system on the cell doors is in a state of disrepair and cannot secure the doors; (3) there was no funding with which to repair the lock system prior to the date of plaintiffs' injuries; and (4) in the interest of inmate safety in the event of an emergency evacuation, cell doors are not individually chained in a closed position at night.[3]

The trial court granted defendants' motions for summary judgment, finding them immune from liability under section 845.2.

## DISCUSSION

Plaintiffs urge that defendants' failure to provide an adequate and safe jail facility resulted in the creation of a dangerous condition on public property, for which defendants are not immune from liability.

Facially, section 845.2 appears to determine the issue. That section provides: "[¶] Except as provided in Chapter 2 (commencing with Section 830) [dangerous condition on public property], neither a public entity nor a public employee is liable for failure to provide a prison, jail or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel or facilities therein." Unless plaintiffs can demonstrate that defendants failed to protect against a dangerous condition of public property, as that term is defined in section 830 et seq., defendants are immune from liability, as the failure alleged was in providing sufficient equipment (locks, voice monitoring system) and personnel.

A "dangerous condition" on public property is defined as "a condition of property that creates a substantial (as distinguished from a minor, trivial

---

[2] All further statutory references shall be to the Government Code, unless otherwise indicated.

[3] In March 1984, approximately one month prior to the attack on plaintiffs, the Lassen County Grand Jury filed an interim report on jail conditions. The grand jury stressed the need for additional staffing, proper ventilation and repair of the cell door locks. The report prophetically states "If the doors are not chained shut, the inmates can roam the cellblock all night, leaving the possibility of inmates being raped or assaulted."

This report is included in the report before us but there is no record evidencing that it was submitted to the trial or received in evidence. Moreover, such a report is inadmissible hearsay. (*Oppenheimer* v. *Clunie* (1904) 142 Cal. 313, 322 [75 P. 899].)

or insignificant) risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be used." (§ 830, subd. (a).) Preliminarily, we question whether an unlocked cell door may be considered a dangerous condition (see *County of Sacramento* v. *Superior Court* (1972) 8 Cal.3d 479, 485 [105 Cal.Rptr. 374, 503 P.2d 1382]). Assuming arguendo that the unlocked cell doors combined with the foreseeable criminal acts of a third party do render the jail dangerous (see *Slapin* v. *Los Angeles International Airport* (1976) 65 Cal.App.3d 484 [135 Cal.Rptr. 296]), the issue is whether defendants are afforded immunity from liability for the dangerous condition.

As plaintiffs concede, defendant county is wholly immune from liability, as the injury was caused by a prisoner and to a prisoner. (§ 844.6, subds. (a)(1), (2).) ■ Any liability on the part of defendant Jarrell must be found, if at all, in section 840.2, which states: "An employee of a public entity is liable for injury caused by a dangerous condition of public property if the plaintiff establishes that the property of the public entity was in a dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: [¶] (a) The dangerous condition was directly attributable wholly or in substantial part to a negligent or wrongful act of the employee *and the employee had the authority and the funds and other means immediately available* to take alternative action which would not have created the dangerous condition; or [¶] (b) The employee had the authority and it was his responsibility to take adequate measures to protect against the dangerous condition at the expense of the public entity *and the funds and other means for doing so were immediately available to him,* and he had actual or constructive notice of the dangerous condition under Section 840.4 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." (Italics added.) It is here plaintiffs' claims against defendant Jarrell fail. Jarrell averred in his declaration there were no funds available with which to repair the cell door at the time plaintiffs were attacked. This allegation was not denied or put in issue by plaintiffs. An essential element for establishing liability against the defendant sheriff for the conditions of the jail was absent, that of available funds to provide a better and safer jail.

Moreover, Sheriff Jarrell is further cloaked with immunity for liability as the injuries in question could only be attributable to a discretionary act on his part. He weighed the options available to him with the present jail facilities and concluded it would be safer to leave the individual cells unlocked at night than to chain shut each door. Such action would enhance inmate safety in the event of an emergency evacuation. This was a discretionary

act on his part and liability against him cannot be predicated on failure to chain shut the individual doors. (§ 820.2.)[4]

Plaintiffs further allege that there was no functioning audio or visual monitoring system in the jail and had there been such a system, plaintiffs could have summoned help. Assuming this allegation to be true, as we must on appeal from a judgment granting a motion for summary judgment (*Zeilman* v. *County of Kern* (1985) 168 Cal.App.3d 1174, 1178 [214 Cal.Rptr. 746]), the failure to have an audio monitoring system is violative of the minimum standards for local detention facilities as set forth in title 15, section 1121, subdivision (*l*) of the California Administrative Code.[5] ■ However, section 821 provides immunity for a public employee "for an injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an enactment." An "enactment" includes regulations relating to detention and penal facilities. (§ 810.6; *County of Sacramento* v. *Superior Court, supra,* at p. 485.)

■ As to defendant Vossler plaintiffs argue he is not immune from liability, apparently under the theory that he, as chairman of the board of supervisors, should have allocated funds for the repair of the jail security systems. Plaintiffs did not name the remaining members of the Lassen County Board of Supervisors as defendants and we initially question whether Vossler, as only one of five members of the board (see § 25000), may be held liable for the action or nonaction of the board as a whole. (Cf. *Brandt* v. *Board of Supervisors* (1978) 84 Cal.App.3d 598 [147 Cal.Rptr. 468] [entire board of supervisors named as defendants]; *Mendoza* v. *County of Tulare* (1982) 128 Cal.App.3d 403 [180 Cal.Rptr. 347] [same].)

Aside from this issue, however, the law requires only that the board of supervisors provide the basics of food, clothing, and bedding for prisoners (Pen. Code, § 4015), and to pay the county charge for other expenses incurred in keeping prisoners (§ 29602). Plaintiffs' complaint does not allege Vossler failed to supply food, clothing, or bedding. Unlike the inmate-plaintiffs in *Brandt* v. *Board of Supervisors, supra,* who based their action on alleged violations of title 15 of the California Administrative Code (89 Cal.App.3d at p. 600) or the inmate-plaintiffs in *Mendoza* v. *County of*

---

[4]Section 820.2 provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

[5]That section provides: "Audio or Video Monitoring System. In Type I and Type II facilities, there must be an audio monitoring system which is capable of alerting personnel stationed in a central control point so they may respond to emergencies such as assaults, calls for assistance, etc. Video monitoring systems, where used, should be used to monitor corridors, main entries or exits, and program or activity areas."

*Tulare, supra,* who based their action on alleged constitutional violations and violations of the Penal Code (128 Cal.App.3d at p. 417), plaintiffs have proceeded under the "dangerous condition" of public property provisions of the Government Code.

Assuming Vossler individually could be held liable for the actions of the entire board, he, as Sheriff Jarrell, is afforded immunity protection by section 820.2 for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused. The standard for determining whether an act by a public employee is discretionary or ministerial is set forth in *Johnson* v. *State of California* (1968) 69 Cal.2d 782 [73 Cal.Rptr. 240, 447 P.2d 352]. ▉ Immunity will be conferred with respect to a basic policy decision, or activity which may be characterized as the "planning" rather than the "operational" level of decisionmaking. (*Id.,* at pp. 793-794.) "Immunity for 'discretionary' activities serves no purpose except to assure that courts refuse to pass judgment on policy decisions in the province of coordinate branches of government. Accordingly, to be entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place. . . ." (*Id.,* at pp. 794-795, fn. 8.)

▉ A decision involving the allocation of limited funds is a purely discretionary one. ▉ "A governmental decision involving essentially political considerations is regarded as 'discretionary' and thus immune from liability. The category of political decisionmaking includes questions of budgetary and fiscal policy, personnel administration standards, allocation of available resources according to variable priorities of need, and choices between competing plans for accomplishing approved objectives. [Citations.]" (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 2.59, p. 128.)

▉ Moreover, Vossler is likewise protected by the immunity granted in section 845.2, *supra.* The legislative committee comment to that section states "This immunity is justified on the same ground as the immunity provided by section 845." (West's Ann. Gov. Code (1980) p. 412; Deering's Ann. Gov. Code (1982) p. 326.) Section 845 was designed to "prevent political decisions of policy-making officials of government from being second-guessed by judges and juries in personal injury litigation [citation]. In other words, essentially budgetary decisions of these officials were not to be subject to judicial review in tort litigation. [Citation.]" (*Mann* v. *State of California* (1977) 70 Cal.App.3d 773, 778-779 [139 Cal.Rptr. 82].) The decision whether or not to allocate funds for an improved security system

in the jail was a purely discretionary one and cannot serve as a basis for tort liability.

A motion for summary judgment shall be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Code Civ. Proc., § 437c, subd. (c).) As a matter of law, defendants are immune from liability for plaintiffs' injuries. Summary judgment was properly granted.

The judgment is affirmed.

Regan, Acting P. J., and Sims, J., concurred.