Luis Roberto SOSA, Plaintiff,

v.

Harry HIRAOKA, Dorothy Smith, Warren Smith, Leslie Thonesen, and Ron Manfredi, individually and as members of the Board of Trustees of defendant State Center Community College District; Clyde McCully, individually and in his official capacity as President of Fresno City College; Ernest R. Leach, individually and in his official capacities as President and Dean of Instruction; Arthur Ellish, individually and in his official capacity as Acting President and Dean of Instruction; Gerald Stokle; William Stewart, Defendants.

No. CV–F–87–461 REC.

United States District Court,
E.D. California.

Nov. 9, 1988.

Patience Milrod, Fresno, Cal., for plaintiff.

Joseph P. Zampi, San Diego, Cal., for defendants.

## DECISION AND ORDER RE MOTION TO DISMISS/STRIKE

COYLE, District Judge.

On October 17, 1988, the court heard defendants' Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint. Upon due consideration of the written and oral arguments of the parties, the court now enters its order granting defendants' Motion to Dismiss.

Defendants move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss plaintiff's action on the grounds that as a matter of law the court lacks subject matter jurisdiction. In addition defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss on the grounds that plaintiff's first amended complaint fails to state a cause of action upon which relief can be granted. Also, defendants move pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike from the plaintiff's complaint any impertinent or immaterial matter.

### I. *Background.*

This case originated when on or about December 13, 1985, plaintiff filed a charge with the Equal Employment Opportunity Commission against defendant State Center Community College District. This charge alleged that plaintiff had been discriminated against on the basis of national origin and gave one example of such discrimination, i.e., that plaintiff was not appointed Department Head of the Sociology/Human Services and Women's Studies Department. On or about November 21, 1986, the EEOC issued its determination regarding plaintiff's charge and on or about May 19, 1987, the EEOC issued a right to sue notice to plaintiff.

Plaintiff filed his original complaint with this court on August 17, 1987, alleging a claim under Title VII of the Civil Rights Act of 1964. On March 18, 1988 defendants filed a motion to dismiss the complaint or alternatively for judgment on the pleadings, which was granted in part with leave to amend on May 19, 1988. On April 4, 1988 plaintiff filed a motion for leave to amend the complaint, which motion was granted on July 27, 1988. On August 23, 1988 plaintiff filed and served by mail on defendants the first amended complaint. The amended complaint purports to allege an action for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, in an action for denial of equal rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### II. *Applicable Standard of Review.*

The court noted in its May 19, 1988 ruling that the parties had not addressed the procedural issue raised when the defendants submitted as an exhibit to their motion to dismiss a copy of the EEOC determination. Generally, when external matters are included with a Rule 12(b)(1) or (b)(6) motion to dismiss, the motion is then treated as a summary judgment motion. But according to *Rosales v. U.S.*, 824 F.2d 799 (9th Cir.1987), cited by this court, it may "make a finding of fact necessary to rule on the subject matter jurisdiction question ... if the jurisdictional facts are not intertwined with the merits."

The jurisdictional question is whether or not the court has jurisdiction over claims and defendants not named in plaintiff's EEOC charge. In order to determine whether the "jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits," the court need not review the contents

of the charge, attached to both parties' pleadings, which gives rise to a number of factual disputes. The court need only look to the EEOC determination, submitted by defendants as Exhibit B, in order to determine the issue of jurisdiction. The existence of the determination is alleged in the amended complaint. The jurisdictional facts found in the determination are sufficient to establish the scope of this action and therefore the subject matter jurisdiction of this court with respect to the Title VII action.

Although the Ninth Circuit has held that a federal court has jurisdiction over incidents not listed in an EEOC charge, if they are "like or reasonably related to the allegations of the EEOC charge," *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569 (9th Cir.1973), or are within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination," *Serpe v. Four-Phase Systems, Inc.*, 718 F.2d 935 (9th Cir.1983), the investigation and discussion of the record and determination set the boundaries of the actual investigation which grew out of the charge of discrimination. Defendants present these facts merely to obtain a ruling on the subject matter jurisdiction question. Determining the scope of the EEOC investigation which could reasonably have been expected to grow out of the plaintiff's charge is not dependent on the factual issues going to the merits. A resolution of this jurisdictional issue, therefore, does not involve determining whether the incidents described in the determination actually established discrimination by defendants, but only to what extent they establish the scope of the civil action. Accordingly, the court may review the determination and make findings of fact with respect to it in this motion to dismiss.

Other courts have considered the actual EEOC determination or investigation in ruling on whether claims which were never the subject of any discussion or investigation by the EEOC or the parties could be addressed in the civil action. *Ferguson v. Mobil Oil Corp.*, 443 F.Supp. 1334 (S.D.N.Y.1978); *see also Grant v. Morgan Guaranty Trust Co. of New York*, 548 F.Supp. 1189 (S.D.N.Y.1982). Therefore, the determination certainly is relevant. The court need not consider any evidence outside the pleadings to make findings of fact in ruling on which defendants and claims are properly included. Since there is no factual dispute to decide with respect to this issue, as will be set forth in Section III–B of this order, the court finds that resolution of this issue does not require that the motion to dismiss be converted into a summary judgment motion.

III. *42 U.S.C. Section 1981.*

A. Eleventh Amendment Immunity.

■■■ In *Stones v. Los Angeles Community College District*, 572 F.Supp. 1072, 1078 (C.D.Cal.1983), *affirmed*, 796 F.2d 270 (9th Cir.1986), the court held that if a successful action requires payment of sums out of the state treasury, it is barred by the Eleventh Amendment. *See also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The most crucial question in determining whether a defendant is immune under the Eleventh Amendment is whether the defendant has such independent status that a judgment would not impact the state treasury. *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir.1982), *citing Edelman v. Jordan*, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). While *Jackson* was a suit under 42 U.S.C. § 1983, the determination is no different under § 1981, since *Stones* involved claims under both sections. In *Sessions v. Rusk State Hospital*, 648 F.2d 1066 (5th Cir.1981), the court stated:

> Unlike Title VII, § 1981 contains no congressional waiver of the states' Eleventh Amendment immunity. This indicates that Congress did not intend by the general language of the Civil Rights Act of 1871 to invoke its Fourteenth Amendment Power.

Additionally, the *Stones* court found that pursuant to the California Constitution, the community colleges are subject to a great degree of legislative control. The District performs the essential function of providing citizens of the state with higher edu-

cation. While neither the state nor the federal courts have ruled on the Eleventh Amendment status of the state's community college system, several courts have held in analogous situations that they are "alter egos" or "arms" of the state and thus accorded immunity under the Eleventh Amendment. *See Jackson* at 1350; *Vaughn v. Regents of University of California,* 504 F.Supp. 1349, 1351–1354 (E.D. Cal.1981); *Rutledge v. Arizona Board of Regents,* 660 F.2d 1345, 1349 (9th Cir.1981). Furthermore, the grounds for this decision are not factual, but legal. In the *Stones* appeal, 796 F.2d 270 (9th Cir.1986), the court stated:

> The district court concluded that Dr. Stones' suit for backpay against the district was barred by the Eleventh Amendment because state law treats the district as an arm of the state [citation deleted] and a money judgment levied against the district would be paid out of state apportioned funds.

*Id.* at 272.

Consequently, the court finds that the State Center Community College District as a community college within the California community college system, like the Los Angeles Community College District, is the type of state agency that enjoys Eleventh Amendment immunity against plaintiff's 42 U.S.C. § 1981 action for compensatory and punitive damages.

In addition, the individual defendants sued in their official capacity are also immune from claims for monetary relief under the Eleventh Amendment.

> Eleventh Amendment immunity extends to actions against state officers sued in their official capacity because such actions are, in essence, actions against the governmental entity of which the officer is an agent. [citations]

*Jackson* at 1350. Accordingly, to the extent the individual defendants are sued in their official capacity, damages are unavailable.

### B. Statute of Limitations.

█ In *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), the Supreme Court held that as with § 1983 the appropriate statute of limitations for § 1981 claims is that governing personal injury actions. *Goodman* also applied the statute of limitations retroactively based on the rule that a decision specifying the applicable statute of limitations should be applied retroactively unless the decision overrules clear circuit precedent on which the plaintiff is entitled to rely. *Goodman* was decided in June of 1987. Plaintiff filed his original complaint in August of 1987. No clear precedent on this issue existed in the Ninth Circuit. *See, e.g., Jones v. Bechtel,* 788 F.2d 571 (9th Cir.1986). Therefore at the time plaintiff filed the original complaint and the amended complaint, the one-year statute of limitations for personal injuries applied to plaintiff's § 1981 claim.

### 1. Relation Back/Continuing Violation Doctrines.

Under the relation back doctrine of Rule 15(c) of the Federal Rules of Civil Procedure, the allegations of a new theory in an amended complaint will relate back to the time of the original complaint if the theory involves the same conduct, transaction, or occurrence, involved in the original claim. *Kern Oil & Refin. Co. v. Tenneco Oil Co.,* 840 F.2d 730 (9th Cir.1988).

█ In the present case, the allegations of both the Title VII claim and of the new 42 U.S.C. § 1981 claim do not involve the same conduct, transactions, or occurrences as did the original complaint. The amended complaint contains entirely new allegations regarding (1) a new defendant, Ernest R. Leach; (2) appearances by plaintiff before the Board of Trustees; (3) plaintiff not being placed on the correct salary step level; (4) the solicitation of student comments regarding plaintiff in 1984; (5) not assigning plaintiff to the position of department head in March of 1986; (6) the retention of a less qualified White male as department head; (7) the failure to recommend plaintiff for the position of department head in March of 1988; (8) the solicitation of negative comments about plaintiff's teaching in the fall of 1987; and (9) a disciplinary action against plaintiff for un-

professional conduct in November and December of 1987. Since numerous instances of new conduct and occurrences are raised by plaintiff in the amended complaint, it does not allege a continuing violation and hence will not relate back to the time of filing of the original complaint.

Plaintiff's amended complaint should not relate back because the original complaint did not put defendants on notice of the " 'particular transactions or set of facts' that the plaintiff believes to have caused the complained of injury." *Percy v. San Francisco General Hospital,* 841 F.2d 975 (9th Cir.1988). In *Percy,* the Ninth Circuit held that the amended complaint will not relate back where plaintiff's

amended complaint implicated an entirely new set of actors who are alleged to have injured Percy in a proceeding which occurred subsequent to, and independent of, the events on which Percy based his original Title VII discrimination claim.

*Id.* at 979.

Plaintiff's amended complaint implicates a new defendant, Ernest R. Leach, and new events which are both subsequent to and independent of the allegations of plaintiff's original Title VII claim. Plaintiff's original complaint was based primarily on plaintiff not being appointed department head of the Sociology/Human Services and Women's Studies Department and on an evaluation of plaintiff. The allegations contained in the amended complaint, as set forth *supra,* are clearly new and distinct occurrences. The amended complaint does not involve the same single transaction or occurrence nor simply make more specific what has already been alleged. Instead, it sets forth completely unrelated acts of alleged discrimination. It cannot fairly be said that defendants were put on notice of these claims.

Consequently, the court finds that the one-year statute of limitations bars plaintiff's § 1981 claim to the extent it is based on incidents occurring more than one year before the amended complaint was filed. The amended complaint was filed on August 23, 1988. Accordingly, only allegations occurring on or after August 24, 1987

are within the one-year statute of limitations. In relation to the § 1981 claim, only paragraphs 27, 28 and 29 contain allegations of events within the statute of limitations period. The one-year statute of limitations bars plaintiff's claim under 42 U.S. C. § 1981 to the extent it is based on any incidents other than those alleged in those paragraphs.

### C. § 1981 Remedies.

■ In *Johnson v. Railway Express Agency Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), while the Supreme Court recognized that an individual is not limited to Title VII in search of relief with regard to employment discrimination, a person must establish a cause of action under § 1981 in order to claim both equitable and legal relief, including compensatory, and under certain circumstances, punitive damages. It is this language which has been interpreted to stand for the proposition that when a plaintiff brings a Title VII claim and a § 1981 claim in the same action, the plaintiff is not entitled to remedies beyond those available under Title VII unless an independent basis for the § 1981 claim can be established. *Tafoya v. Adams,* 612 F.Supp. 1097 (D.C.Colo.1985), *affirmed,* 816 F.2d 555 (10th Cir.1987).

The court concludes that plaintiff has failed to establish an independent basis for the § 1981 claim. Plaintiff's § 1981 claim is based on precisely the same allegations, paragraphs 1 through 30, as those alleged in the Title VII claim. Accordingly, plaintiff's remedies are restricted to those permitted under Title VII.

■ In *Reaves v. Westinghouse Elec. Corp.,* 430 F.Supp. 623 (E.D.Wis.1977), the court held that punitive damages and damages for emotional distress and mental anguish cannot be recovered where a cause of action alleges a violation of Title VII and § 1981. Under Title VII, a plaintiff is entitled to only equitable relief or back pay. 42 U.S.C. § 2000e–5(g). Therefore, compensatory damages for physical, emotional and mental distress and puntive damages are not permissible forms of relief under Title VII. *Shah v. Mt. Zion Hospital & Medical Center,* 642 F.2d 268 (9th Cir.

1981). Since plaintiff is not entitled to remedies beyond those available under Title VII, he cannot recover compensatory and punitive damages.

■ In addition, because plaintiff is not entitled to damages under § 1981, his claims for compensatory and punitive damages are merely state law claims to which the California Workers' Compensation Act and the California Tort Claims Act apply. An employee's claim for damages for emotional distress caused by his employer is barred by the exclusivity provision of the Worker's Compensation law when physical injury is also alleged, as here. Consequently, plaintiff's § 1981 claim is not within the subject matter jurisdiction of this court and must be dismissed.

IV. *Title VII of the Civil Rights Act of 1964.*

A. Statute of Limitations.

■ Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about December 13, 1985. Under 42 U.S.C. § 2000e–5(e), and EEOC charge must be filed within 300 days after the alleged unlawful employment practice occurred.

As pled by the plaintiff, several of the acts alleged in his amended complaint were more than 300 days prior to December 13, 1985. As specified in the amended complaint, the acts alleged in paragraph 18 occurred in 1979 and 1982, clearly more than 300 days before December 13, 1985. The allegations in paragraph 20 occurred in April of 1984. Thus, they also occurred more than 300 days before December 13, 1985. The same holds true for those allegations contained in paragraphs 21, 22, 23, 32 and 33. Accordingly, those acts alleged by plaintiff which were not made the basis of a timely charge to the EEOC have no present legal consequences. The allegations of plaintiff's amended complaint must be limited to events occurring not more than 300 days prior to the date on which plaintiff filed his charge with the EEOC.

■ In addition, plaintiff has not alleged a pattern or practice of discrimina-

tion which would preclude the untimely allegations from being barred. Although this court did rule on May 19, 1988 that plaintiff had adequately pleaded a continuing violation in paragraphs 13 through 17 of the original complaint, this order is not *res judicata* as to paragraphs 18, 20, 21 and 22 of plaintiff's amended complaint. The amended complaint supersedes the original complaint. Therefore, plaintiff must show that his amended complaint pleads a continuing violation. However, paragraphs 18, 20, 21 and 22 of the amended complaint are not the same as paragraphs 13 through 17 of the original complaint. Consequently, these allegations are based on occurrences dated more than 300 days prior to the filing of the EEOC charge and are barred by 42 U.S.C. § 2000e–5(e) from serving as bases for liability. To the extent plaintiff claims damages in paragraphs 23, 32 and 33 from such allegations, the court lacks subject matter jurisdiction over such claims.

B. Allegations Not Contained in EEOC Charge.

■ Plaintiff's amended complaint alleges numerous incidents not listed in the charge filed with the EEOC.

When an employee seeks judicial relief for incidents not listed in his original charge with the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC.

*Oubichon v. North American Rockwell Corp.*, 482 F.2d 569 (9th Cir.1973). *See also Brown v. Continental Can Co.*, 765 F.2d 810 (9th Cir.1985). Therefore, any allegations in plaintiff's amended complaint which were not included in the EEOC charge must be reasonably related to the allegations of the charge and, if they occurred after the filing of the charge, they must have occurred during its pendency.

In this regard the scope of the EEOC investigation, as set forth in the determination, is relevant. Where the claim was

never the subject of any discussion or investigation, defendants had no notice of it and it has no reasonable relation to the charges investigated. "The absence of such an opportunity to discuss such claims has been cited as a reason such claims cannot be addressed in judicial actions." *Ferguson v. Mobil Oil Corp., citing EEOC v. Bailey Co., Inc.*, 563 F.2d 439, 448 (6th Cir.1977). " 'The judicial complaint may not allege unlawful employment practices which were the subject neither of the EEOC's investigation, nor of its "reasonable cause" determination.' " *Ferguson* at 1338, *citing EEOC v. National Cash Register Co.*, 405 F.Supp. 562, 566 (N.D.Ga. 1975).

> Where, as here, an attempt is made to include in the Complaint allegations other than those contained in the Charge filed with the EEOC, the action must be treated as one brought without previous resort to the EEOC. In this situation the courts have uniformly dismissed the Complaint.

*Ferguson* at 1338, *citing Edwards v. North American Rockwell Corp.*, 291 F.Supp. 199, 204 (C.D.Cal.1968).

Accordingly, several of the allegations of the amended complaint are beyond the scope of this action. The only incident specifically described in the EEOC charge is the failure of plaintiff to be appointed department head. The EEOC determination does not in any way refer to the allegations of paragraphs 18, 19, 20, 21 and 27 through 30. They are not within the scope of the investigation reasonably expected to grow out of the charge filed with the EEOC. Consequently, they are not proper bases for a claim under Title VII, and the court lacks subject matter jurisdiction over them.

■ Additionally, the court lacks subject matter jurisdiction over the individual defendants not named in the EEOC charge. In *Greenwood v. Ross*, 778 F.2d 448 (8th Cir.1985), the court recognized the general rule that parties not named in the EEOC charge are not subject to suit in a subsequent civil action. However, an exception is recognized where the individuals had notice and an opportunity to participate in the conciliation process.

The EEOC charge does not specifically refer to nor name any of the individual defendants in the amended complaint. Furthermore, because many of the events alleged were not the subject of the EEOC investigation, the individuals did not have the requisite notice or opportunity with respect to these claims. Therefore, since plaintiff has failed to affirmatively plead such notice as required by a previous order of this court, the court lacks subject matter jurisdiction over these defendants.

C.   Failure to Specifically Plead.

■ Claims asserted by plaintiffs under Title VII of the Civil Rights Act of 1964 must be specifically pled. The pleading will not be sufficient to state a claim under the Civil Rights Act where the allegations are mere conclusions. *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987 (9th Cir.1976). A pleading requires more than a broad conclusion, without additional facts, that all of the defendants named in the complaint discriminated against the plaintiff. The complaint must state specific facts that underlie such allegations. *Cohen v. Illinois Institute of Technology*, 581 F.2d 658 (7th Cir.1978). The "specific pleading rule" has been directly applied to cases under Title VII. *Flesch v. Eastern Pa. Psychiatric Institute*, 434 F.Supp. 963 (E.D.Pa.1977). A civil rights complaint must specify, with a sufficient degree of particularity, the unlawful conduct allegedly committed by each defendant and the time and place of that conduct. *Trader v. Fiat Distributors, Inc.*, 476 F.Supp. 1194 (D.Del.1979).

Plaintiff has failed to plead with the requisite particularity that each and every defendant has unlawfully discriminated against him. The amended complaint refers to defendants in general without setting forth specific facts performed by each defendant, specific facts which support such allegations, and the time and place of the occurrences to support a finding of discrimination. Consequently, plaintiff has failed to properly state a claim upon which relief can be granted.

## V. *State Law Immunity.*

In *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), the Court stated that in order for municipal officials to be liable under § 1983, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." While under *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), also a § 1983 action, municipal bodies are not entitled to absolute immunity, that case left open the question of whether local governmental bodies should be afforded some form of official immunity.

■■ Plaintiff has not alleged that any of the actions taken by the individual defendants were pursuant to a policy adopted by the defendant or other officials. In addition, the individual defendants are public employees vested with discretion to carry out their duties. California Government Code §§ 810.2, 820.2–.9; *Taylor v. Buff*, 172 Cal.App.3d 384, 218 Cal.Rptr. 249 (1985). Section 820.2 of the California Government Code states:

§ 820.2 *Discretionary Acts*

Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

The standard for determining whether an act by a public employee is discretionary or ministerial is set forth in *Johnson v. State of California*, 69 Cal.2d 782, 73 Cal.Rptr. 240, 447 P.2d 352 (1968). Immunity will be conferred with respect to a basic policy decision, or activity which may be characterized as the "planning" rather than the "operational" level of decisionmaking. *Id.* at 793–794, 73 Cal.Rptr. 240, 447 P.2d 352. A governmental decision involving essentially political considerations is regarded as "discretionary" and thus immune from liability. The category of political decisionmaking includes personnel administration standards, as well as choices between competing plans for accomplishing approved

objectives. *Taylor*, 172 Cal.App.3d at 390, 218 Cal.Rptr. 249. Defendants' conduct falls within these categories.

Additionally, § 820.9 states in relevant part:

... members of school boards, members of other local public entities, and members of locally appointed boards and commissions are not vicariously liable for injuries caused by the act or omission of the public entity....

Consequently, since any of the acts allegedly performed by the individual defendants were the result of the exercise of discretion vested in them by virtue of their status as public employees, state law immunity would apply.

In addition, California Government Code § 815.2(b) states:

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

The definition of a "public entity," set forth in § 811.2 of the Code, has been interpreted to include school districts. *Wright v. Compton Unified School District*, 46 Cal.App.3d 177, 120 Cal.Rptr. 115 (1975). Consequently, the State Center Community College District is also immune.

ACCORDINGLY, IT IS ORDERED that defendants' Motion to Dismiss is granted.