953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Eugene MOORE, Plaintiff-Appellant,
v.
COUNTY OF SACRAMENTO BOARD OF SUPERVISORS, et al.,
Defendants-Appellees.
 No. 90-16375.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 29, 1991.*
Decided Jan. 17, 1992.
 
 Before HUG, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Moore, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Moore contends that while incarcerated as a pretrial detainee in the Sacramento County Jail, he was physically and verbally abused on several occasions by Sacramento County sheriff's deputies. Moore filed a tort claim with the Sacramento County Board of Supervisors (Board) requesting damages for his physical injuries; the Board denied his claim. Moore then filed this section 1983 complaint against the Board and the individual members of the Board, alleging that his fifth, eighth, and fourteenth amendment rights were violated. He claimed that the Board and its members set the policies for the Sacramento County Jail, oversee and have a duty to control the operations of the jail, and hence, are liable for the actions of the sheriff's deputies who allegedly abused him. He also claimed that the Board had a duty to investigate his tort claim, and its failure to do so and subsequent denial of his claim effectively condoned the deputies' harassment of him. Moore maintains these same contentions on appeal.
 
 
 5
 Local government bodies, such as counties, are persons under section 1983 and may be sued for constitutional injuries. Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694 (1978). Section 1983 will not, however, support a claim based on a respondeat superior theory of liability; liability may be imposed only if the plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir.1989) (citations omitted). Official county policy may be set only by an official with "final policymaking authority." Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986) (plurality opinion)). To identify those officials with "final policymaking authority," we look to state law. Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 126 (1988) (plurality opinion) (quotations omitted)).
 
 
 6
 The responsibility for operating county jails in California is placed by law upon the sheriff. See Cal.Penal Code § 4000; Brandt v. Board of Supervisors, 84 Cal.App.3d 598, 601, 147 Cal.Rptr. 468 (1978). The sheriff is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoner's safekeeping. See Cal.Gov.Code § 26605, 26610, Cal.Penal Code § 4006; Brandt, 84 Cal.App.3d at 601. The Board not only has no duty but also has no right to control the operation of the county jail. See id. at 601-02; see also Thompson, 885 F.2d at 1444 & n. 3. Thus, the Board and its members are not liable to Moore under section 1983 because they lack the authority to establish an official policy with respect to the operation of the county jail. Moreover, the Board cannot be held liable for the alleged actions of the sheriff's deputies on a theory of respondeat superior liability. See Thompson, 885 F.2d at 1443. Therefore, the district court properly granted summary judgment for the Board and its individual members.
 
 
 7
 Moore's remaining claims of error in the district court's ruling are without merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3