BILL LOCKYER Attorney General ANTHONY S. Da VIGO Deputy Attorney General
THE HONORABLE DENNIS L. STOUT, DISTRICT ATTORNEY, COUNTY OF SAN BERNARDINO, has requested an opinion on the following question:
May a county charter grant the board of supervisors the authority to remove for cause by a four-fifths vote the sheriff, district attorney, and other county officers upon due notice and opportunity to be heard?
 CONCLUSION
A county charter may grant the board of supervisors the authority to remove for cause by a four-fifths vote the sheriff, district attorney, and other county officers upon due notice and opportunity to be heard.
 ANALYSIS
Subdivision (a) of section 3 of article XI of the Constitution[1]
provides:
 "For its own government, a county or city may adopt a charter by majority vote of its electors voting on the question. The charter is effective when filed with the Secretary of State. A charter may be amended, revised, or repealed in the same manner. A charter, amendment, revision, or repeal thereof shall be published in the official state statutes. County charters adopted pursuant to this section shall supersede any existing charter and all laws inconsistent therewith. The provisions of a charter are the law of the State and have the force and effect of legislative enactments."
Section 4 additionally states:
"County charters shall provide for:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(c) An elected sheriff, an elected district attorney, an elected assessor, other officers, their election or appointment, compensation, terms and removal.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(g) Whenever any county has framed and adopted a charter . . . the general laws adopted by the Legislature in pursuance of Section 1(b) of this article, shall, as to such county, be superseded by said charter as to matters for which, under this section it is competent to make provision in such charter, and for which provision is made therein, except as herein otherwise expressly provided.
 "(h) Charter counties shall have all the powers that are provided by this Constitution or by statute for counties."[2]
Under these constitutional provisions, a county charter is to provide for the election or appointment and removal of county officers. We are asked whether a county charter may provide for the removal of a county officer for cause, upon notice and hearing, by a four-fifths vote of the board of supervisors.[3] We conclude that it may.
Two qualifications must be considered when determining whether a county charter provision may supersede a state statute pursuant to these constitutional provisions. First, the charter provision must concern a matter "for which, under this section it is competent to make provision in such charter." (§ 4, subd. (g).) For example, while the Constitution authorizes county charters to provide for the "election or appointment, compensation, terms and removal" of county officers (§ 4, subd. (c)), it does not extend authorization to matters regarding the qualifications or tenure of such officers. Accordingly, a county charter may not prescribe any such qualifications or conditions that would be inconsistent with state law. (Younger v. Board of Supervisors (1979)93 Cal.App.3d 864, 872.) The failure to satisfy any such unauthorized qualification or condition could not, therefore, constitute cause for removal.
The other qualification of note is that county charter provisions supersede state statutes "except as herein otherwise expressly provided." (§ 4, subd. (g).) The Constitution itself may thus specifically preclude adoption of a county charter provision that otherwise concerned a general matter the county was constitutionally empowered to regulate. (Younger v. Board of Supervisors, supra, 93 Cal.App.3d at p. 870.)
Here, we find that the removal of county officers is a subject that may be contained in a county charter. (§ 4, subd. (c).) Moreover, the Constitution has not expressly provided otherwise. Of course, the power to provide for the removal of a county officer "for cause" would not include the power to direct the manner in which the duties of such office are performed. For example, the exercise of investigative and prosecutorial discretion that is constitutionally and statutorily consigned to the sheriff and district attorney would not provide cause for removal by the board of supervisors. (See Brandt v. Board of Supervisors (1978) 84 Cal.App.3d 598, 602; Hicks v. Board of Supervisors (1977) 69 Cal.App.3d 228, 242; 77 Ops.Cal.Atty.Gen. 82, 87-88 (1994).) In the present circumstances, we are not asked to consider any particular basis or cause for removal.[4]
We conclude that a county charter may grant the board of supervisors the authority to remove for cause by a four-fifths vote the sheriff, district attorney, and other county officers upon due notice and opportunity to be heard.
[1] All references hereafter to article XI of the Constitution are by section number only.
[2] Statutes enacted "in pursuance of Section 1(b)" provide for county powers, an elected county sheriff, an elected district attorney, an elected assessor, an elected governing body, and other county officers.
[3] No issue is presented herein with respect to the sufficiency of the "cause," the notice to the office holder, or the conduct of the hearing.
[4] Additionally, no issue is presented herein with respect to any asserted vacancy of a county office. Such a dispute would require a different discussion concerning the removal of an individual who is usurping a public office. (Code Civ. Proc., § 803; see 76 Ops.Cal.Atty.Gen. 157, 165-166 (1993).) An issue of vacancy would arise, for example, if the board of supervisors of a charter county were, for good and sufficient cause, to remove an officer who nevertheless continued to serve under a claim of entitlement. (Gov. Code, §1770, subd. (d); see 64 Ops.Cal.Atty.Gen. 42, 46 (1981).)